Giuttari & Mertz Law Office P.C.
45 West 34th Street, Suite 601
New York, NY 10001
Tel: (212) 714-0262
Fax: (212) 244-8184
*Attorneys for Plaintiff*

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JAN 18 2012 ★

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| Byung M. Cho | |
| --- | --- |
| Plaintiff, | Index No. CV 12-228 |
| -against- | |
| Korean Radio Broadcasting, Inc., NY Metro Radio Korea, Inc., KNN Productions Inc., Young Dae Kwon, Pearl Chang, Jiho Kim, Jane Kwon (also known as "Jenny Kwon"), Dennis Kwon (also known as "Denny Kwon"), Eun Jae Kwon, Mi Sun Jang, Tae Choong Kim, Paul Lee, Sunwoo Jun and Young In Chae | **COMPLAINT** KORMAN, J. **Jury Trial Demanded** MANN |
| Defendants. | |

**SUMMONS ISSUED**

The Plaintiff, Byung M. Cho (hereinafter "Plaintiff"), by and through his undersigned attorney(s), hereby files this complaint against the Defendants, alleges and shows the Court the following:

**INTRODUCTION**

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 *et. seq.*, he is entitled to recover from Defendants: (1) unpaid overtime wages; (2) liquidated damages; and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York State Minimum Wage Act, he is entitled to recover from Defendants: (1) unpaid overtime wages; (2) liquidated damages; and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant 29 U.S.C. §216(b), 28 U.S.C. § 1331, 1337 and 1343, and has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## THE PARTIES

5. At all times hereinafter mentioned, Plaintiff was and remains a resident of the State of New Jersey.

6. Corporate Defendant, Korean Radio Broadcasting, Inc., (hereinafter "KRB"), is a domestic business corporation organized under the laws of New York, with a principal executive office located at 136-56 39th Avenue, 4th Floor, Flushing, New York, NY 11354. KRB: (a) had the power to hire and fire employees including the Plaintiff, (b) supervised and controlled employee work schedules or conditions of employment and (c) determined the rate and method of employee compensation.

7. Corporate Defendant, NY Metro Radio Korea Inc., (hereinafter "NY Metro"), is a domestic business corporation organized under the laws of New York, with a principal executive office located at 136-56 39th Avenue, 4th Floor, Flushing, New York, NY 11354. NY Metro: (a) had the power to hire and fire employees including the Plaintiff, (b) supervised and controlled employee work schedules or conditions of employment and (c) determined the rate and method of employee compensation.

8. Corporate Defendant, KNN Productions Inc., (hereinafter "KNN"), is a domestic business corporation organized under the laws of New York, with a principal executive office located at 136-56 39th Avenue, 4th Floor, Flushing, New York, NY 11354. KNN: (a) had the

power to hire and fire employees including the Plaintiff, (b) supervised and controlled employee work schedules or conditions of employment and (c) determined the rate and method of employee compensation.

9. Upon information and belief, individual Defendant, Young Dae Kwon, is the Chairman of the Board or Chief Executive Officer of KRB, NY Metro and KNN (collectively, the "Companies"). Young Dae Kwon: (a) had the power to hire and fire employees including the Plaintiff, (b) supervised and controlled employee work schedules or conditions of employment and (c) determined the rate and method of employee compensation.

10. Upon information and belief, individual Defendant, Pearl Chang, is a Finance Executive of the Companies. Pearl Chang: (a) had the power to hire and fire employees including the Plaintiff, (b) supervised and controlled employee work schedules or conditions of employment and (c) determined the rate and method of employee compensation.

11. Upon information and belief, individual Defendant, Jiho Kim, is a Sales Executive of the Companies. Jiho Kim: (a) had the power to hire and fire employees including the Plaintiff, (b) supervised and controlled employee work schedules or conditions of employment and (c) determined the rate and method of employee compensation.

12. Upon information and belief, individual Defendant, Jane Kwon (also known as "Jenny Kwon"), is an Executive of the Companies. Jane Kwon: (a) had the power to hire and fire employees including the Plaintiff, (b) supervised and controlled employee work schedules or conditions of employment and (c) determined the rate and method of employee compensation.

13. Upon information and belief, individual Defendant, Dennis Kwon (also known as "Denny Kwon"), is an Executive of the Companies. Dennis Kwon: (a) had the power to hire and fire employees including the Plaintiff, (b) supervised and controlled employee work schedules or conditions of employment and (c) determined the rate and method of employee compensation.

14. Upon information and belief, individual Defendant, Eun Jae Kwon, is an Executive of the Companies. Eun Jae Kwon: (a) had the power to hire and fire employees including the Plaintiff, (b) supervised and controlled employee work schedules or conditions of employment and (c) determined the rate and method of employee compensation.

15. Upon information and belief, individual Defendant, Mi Sun Jang, is an Executive of the Companies. Mi Sun Jang: (a) had the power to hire and fire employees including the Plaintiff, (b) supervised and controlled employee work schedules or conditions of employment and (c) determined the rate and method of employee compensation.

16. Upon information and belief, individual Defendant, Tae Choong Kim, is an Executive of the Companies. Tae Choong Kim: (a) had the power to hire and fire employees including the Plaintiff, (b) supervised and controlled employee work schedules or conditions of employment and (c) determined the rate and method of employee compensation.

17. Upon information and belief, individual Defendant, Paul Lee, is an Executive of the Companies. Paul Lee: (a) had the power to hire and fire employees including the Plaintiff, (b) supervised and controlled employee work schedules or conditions of employment and (c) determined the rate and method of employee compensation.

18. Upon information and belief, individual Defendant, Sunwoo Jun, is an Executive of the Companies. Sunwoo Jun: (a) had the power to hire and fire employees including the Plaintiff, (b) supervised and controlled employee work schedules or conditions of employment and (c) determined the rate and method of employee compensation.

19. Upon information and belief, individual Defendant, Young In Chae, is an Executive of the Companies. Young In Chae: (a) had the power to hire and fire employees including the Plaintiff, (b) supervised and controlled employee work schedules or conditions of employment and (c) determined the rate and method of employee compensation.

20. All Defendants are hereinafter collectively referred to as "Defendants."

21. Plaintiff was hired by Defendants as a broadcast engineer, responsible for overseeing technical matters of the production studios, transmission site and other facilities. During his period of employment, Plaintiff was also asked to do maintenance work for the studios, transmission site and other facilities, which included janitorial duties. Throughout the duration of his employment, Plaintiff was engaged in interstate commerce, including but not limited to his work in broadcasting the studios feed out of state and country.

## FACTS

22. Plaintiff worked for Defendants over two periods of time: from March through December 1999, and January 2003 through November 15, 2011.

23. During the employment of Plaintiff by Defendants, he worked more than forty (40) hours per workweek on each workweek. Specifically, Plaintiff estimates that he worked 50 hours per workweek on each workweek. Plaintiff worked 10 hours of overtime hours per workweek. Throughout Plaintiff's employment by Defendants, Plaintiff was not compensated for the overtime hours that he worked each workweek.

24. Throughout Plaintiff's employment by Defendants, he worked five (5) days per week and had Saturday and Sunday off per workweek.

25. At all relevant times, the Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA. Specifically, the Defendants operated production studios which broadcast around the country and around the world. Additionally, Defendants used equipment from other states and countries in its broadcasting business. Defendants used credit card machines which engaged in interstate commerce to make transaction with customers and suppliers.

26. At all relevant times, the work performed by Plaintiff was directly essential to the

Defendants.

27. Defendants knowingly and willfully failed to pay either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff. The Plaintiff has made repeated requests to be paid what he is entitled to under Federal and State labor laws. Such requests have been ignored by the Defendants, further evidencing their knowing and willful violation of such laws.

28. Plaintiff worked for Defendants until November 15, 2011, and repeatedly made requests to be paid overtime which he is entitled to under Federal and State labor laws. Such requests have been ignored by the Defendants, further evidencing their knowing and willful violation of such laws.

## STATEMENT OF CLAIMS

### FOR A FIRST CAUSE OF ACTION

### VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA)

29. Plaintiff realleges and repleads Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§206(a) and 207(a). Throughout the duration of her employment, Plaintiff was engaged in interstate commerce, including but not limited to communications to persons located in other states, broadcasting information through its radio services. Plaintiff engaged in interstate business, such as aiding in the transmission of these services.

31. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203. Specifically, the Defendants (a) had the power to hire and fire employees including the Plaintiff, (b) supervised and controlled employee work schedules or conditions of employment and (c) determined the rate and method of employee compensation.

32. Upon information and belief, at all relevant times, the Defendants have employees engaged in commerce. Specifically, the Defendants operated a Korean radio broadcasting business that transmits its programs to Korean listeners all over the country. Additionally, because of the foreign language speaking content of its broadcasts and listeners, Defendants were engaged in business with advertisers and equipment suppliers nationally as well.

33. At all relevant times, Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of one and half times regular wage for Plaintiff's hours worked in excess of forty (40) hours per workweek when Defendants knew or should have known such overtime wages were due.

34. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

35. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff suffered damages in the amount of his respective unpaid compensation, liquidated damages, and reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## FOR A SECOND CAUSE OF ACTION

## VIOLATION OF THE NEW YORK LABOR LAW

36. Plaintiff realleges and repleads Paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

38. At all relevant times, the Defendants unlawfully and willfully failed to pay any overtime wages to the Plaintiff for the overtime hours he worked, despite the Plaintiff's repeated demands.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: New York, New York

January 9, 2012

Respectfully submitted,

Giuttari & Mertz Law Office P.C.
45 West 34th Street, Suite 601
New York, NY 10001
Tel: (212) 714-0262
Fax: (212) 244-8184
*Attorneys for Plaintiff*

By: _____
Jeffrey Neiman, Esq.